UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Bharat Lal Dagami Magar, *et al.*, | |
| Plaintiffs, | Civil No. 3:24-cv-01564 (SFR) |
| v. | |
| Tika Indian Restaurant LLC, *et al.*, | May 13, 2025 |
| Defendants. | |

**RULING AND ORDER ON PLAINTIFFS'**
**RENEWED MOTION FOR ATTORNEYS' FEES**

The plaintiffs, Bharat Lal Dagami Magar and Dam Prasad Fagami, have filed a motion for attorneys' fees in connection with a successful motion to compel. (ECF No. 39.) For the reasons set forth below, they are entitled to an award of fees, but the amount they seek greatly exceeds what is reasonable for such a simple dispute. Instead of the $4,970 they seek, the Court will award them $1,643.75.

I.    BACKGROUND

This is a wage and hour case. The plaintiffs allege that the defendants, Tika Indian Restaurant LLC d/b/a Taste of Everest and Bhanu Oli, violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., and the Connecticut Minimum Wage Act, Conn. Gen. Stat. §§ 31-60 *et seq*., by failing to pay them minimum wages and overtime. (Compl., ECF No. 1.)

On September 30, 2024, District Judge Jeffrey A. Meyer ordered the defendants to comply with the initial discovery protocols within thirty days of their answer. (ECF No. 9.) They answered the complaint on December 5, 2024 (ECF No. 17), and accordingly their initial disclosures were due on January 6, 2025 by operation of Fed. R. Civ. P. 6(a)(1)(C). After the defendants failed to

1

meet that deadline, or to comply with the various extensions negotiated between the parties, the plaintiffs filed a motion to compel. (ECF No. 31.) Although the motion needed to make only two points to prevail – (1) the defendants had been ordered to make their initial disclosures by January 6, 2025, and (2) they did not do so – the plaintiffs' motion and exhibits totaled twenty-eight pages. (*Id.*) In that motion, the plaintiffs also requested that the court impose sanctions in the form of an award of reasonable attorneys' fees. (*Id.*)

Following a hearing, the Court granted the plaintiffs' motion to the extent that it sought to compel compliance with initial discovery protocols and denied it without prejudice to the extent that it sought an award of fees under Federal Rule of Civil Procedure 37(a)(5)(A). (ECF No. 37.) The Court directed the parties to meet and confer on the question of fees, allowing the plaintiffs to file a renewed motion if the meet-and-confer process did not resolve the issue. (*Id.*)

The conference was unsuccessful, and the plaintiffs therefore filed this renewed motion for fees pursuant to Rule 37(a)(5)(A). (ECF No. 39.) Their memorandum and exhibits totaled twenty-five pages, and they seek an award of $4,970 for nearly twenty hours' worth of work by four different attorneys. (*Id.*; *see also* ECF No. 39-1.) The defendants objected to the motion (ECF No. 41), and the plaintiffs filed an eight-page reply brief. (ECF No. 42.) Neither party requested oral argument (*see* ECF Nos. 39, 41), and accordingly the motion is ripe for decision.

II.     **DISCUSSION**

    A.     **Whether Fees Should Be Awarded**

When the court grants a motion to compel in its entirety, it "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). As the use of the

word "must" suggests, such an award is mandatory unless one of three exceptions applies. *Shea v. Sieunarine*, No. 3:21-cv-00673 (JCH), 2022 WL 3359155, at *2 (D. Conn. Aug. 15, 2022) (citing *Hassoun v. Searls*, 524 F. Supp. 3d 101, 109 (W.D.N.Y. 2021)). The three exceptions are: (1) where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) where "the opposing party's nondisclosure, response, or objection was substantially justified;" or (3) where "other circumstances make an award of expenses unjust." Fed. R. Civ. P 37(a)(5)(A).

In this case, the defendants attempt to invoke the third exception. (*See* ECF No. 41, at 2.) They contend that an award of fees would be "unjust" because they are currently experiencing "significant financial hardship." (*Id.*) However, the defendants do not cite any authority for the proposition that financial hardship makes an award of fees unjust, and indeed the authorities are to the contrary. Courts have concluded that "the fact that the award of fees will have an adverse economic effect on the party required to pay them does not make the award 'unjust.'" *Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-cv-10256 (GHW), 2021 WL 2650371, at *5 (S.D.N.Y. June 28, 2021); *see also Tripathy v. Schneider*, No. 6:21-cv-06339 (FPG) (MJP), 2025 WL 79861, at *2 (W.D.N.Y. Jan. 13, 2025) ("[P]overty is not a bar to the imposition of sanctions."). Because the defendants' alleged financial hardship does not make an award of attorneys' fees unjust, and because the defendants offer no other exceptional circumstance, the Court concludes that it must award the plaintiffs their reasonable fees of both motions. *See* Fed. R. Civ. P 37(a)(5)(A); *Found. Cap. Res., Inc. v. Udo-Okon*, No. 3:21-cv-1278 (JAM) (TOF), 2022 WL 17413950, at *6 n.3 (D. Conn. Dec. 5. 2022) ("It is well-established that a fee petition may include not only those hours spent on the motion to compel itself, but also the hours spent reasonably in preparing and defending an application for fees.") (quotation marks and citation omitted).

B.     **The Amount of Fees to Be Awarded**

The question, then, is what constitutes a "reasonable fee" in this case. In the Second Circuit, the starting point for determining the amount of a reasonable fee is the "lodestar." The "lodestar" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d. Cir 2011). Although the Second Circuit has suggested that the term is outdated, *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), it has also held that district courts must calculate the figure. *Ortiz v. City of N.Y.*, 843 F. App'x 355, 358 (2d Cir. 2021) (summary order) ("We have explained that district courts evaluating a request for attorneys' fees must conduct a lodestar analysis[.]") (internal quotation marks omitted).

Of course, the product of a reasonable hourly rate and a reasonable number of hours establishes only a "presumptively reasonable" fee. "[I]t is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 3:10-cv-00060 (JBA), 2012 WL 4092515, at *1 (D. Conn. Sept. 17, 2012) (quotation marks and citation omitted). "Hence, the process is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010).

1.     **Reasonable rates**

In assessing the first factor in the lodestar calculation – the reasonable hourly rate – the Second Circuit has directed district courts to "bear in mind *all* of the case-specific variables that [it] and other courts have identified as relevant to the reasonableness of attorney's fees[.]" *Arbor*

4

*Hill*, 522 F.3d at 190 (emphasis in original). "The reasonable hourly rate is the rate a paying client would be willing to pay," and in determining that rate, district courts should consider (among other things) the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[1]  *Id.*  Fee applicants bear the burden to show that their "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Disney Enterps., Inc. v. Merchant*, No. 6:05-cv-01489, 2007 WL 1101110, at *8 (N.D.N.Y. Apr. 10, 2007) (citation omitted).

In this case, the plaintiffs request an hourly rate of (1) $225 for Attorney Meghan Koushik, "who has five years of practice experience;" (2) $150 for Attorney Erum Kidwai, "who has two years of practice experience;" and (3) $400 for Attorneys Elizabeth Koo and James Bhandary-Alexander, "who are both experienced practitioners in FLSA cases." (ECF Nos. 39, at 7; 39-1, at 2–3.)  Given the experience level of each attorney, the Court determines that the requested rates are reasonable. *See, e.g.*, *Aboah v. Fairfield Healthcare Services, Inc.*, No. 3:20-cv-00763 (SVN), 2023 WL 8807362, at *3 (D. Conn. Dec. 20, 2023) (noting that courts in the District of Connecticut have "generally approved rates of $300 to $400 for partner-level work in FLSA cases" and "between $125 and $225 per hour for associate-level attorneys"); *Faniel v. PAFY, Inc.*, No. 3:20-cv-00387 (VLB) (TOF), 2022 WL 1212813, at * (D. Conn. Feb. 14, 2022), *report and*

---

[1]  The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Lilly v. City of N.Y.*, 934 F.3d 222, 228 (2d Cir. 2019).

*recommendation adopted*, 2022 WL 2287599 (D. Conn. May 4, 2022) ("Courts generally endorse hourly rates between $125 and $225 for associates and other less-experienced attorneys.").

### 2. Reasonable hours

In analyzing the second lodestar factor – the reasonable number of hours required – courts consider, among other things, the complexity of the work. "In determining whether an excessive amount of time was expended on the matter, the Court may consider, *inter alia*, the nature and quality of the work submitted by counsel in connection with the litigation, and whether the work was complicated or straightforward." *Yuajian Lin v. La Vie en Schezuan Rest. Corp.*, No. 1:15-cv-09507 (DCF), 2020 WL 1819941, at *2 (S.D.N.Y. Apr. 9, 2020); *see also Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 1:13-cv-03061 (JGK), 2014 WL 2624759, at *6 (S.D.N.Y. June 10, 2014) ("In assessing whether the hours worked were reasonable, courts in this district often take into account the straightforward nature of the work performed and the relative simplicity of the issues involved.") (citation and brackets omitted). Courts are "not to compensate counsel for unnecessary hours . . . and in sizing the appropriate reduction, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application[.]" *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) (citation and internal quotation marks omitted). As part of that deduction, courts can "reduce the 'lodestar figure for overstaffing as well as for other forms of duplicative or inefficient work.'" *Research Commc'ns, Ltd. v. Meredith Corp.*, No. 3:00-cv-02179 (DFM), 2008 WL 4183440, at *6 (D. Conn. Sept. 10, 2008) (quoting *In re Agent Orange Product Liability Litigation*, 818 F.2d 226, 237 (2d Cir. 1987)). In any event, the party seeking fees bears the burden of demonstrating that its request is reasonable, and it must provide the Court with enough information to assess its application. *MBC Ventures, LLC v. Miniventures of NY, Inc.*, No. 3:20-

cv-00762 (CSH), 2021 WL 3709808, at *11 (D. Conn. Aug. 20, 2021) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

In this case, the plaintiffs' four attorneys spent nearly twenty hours litigating two exceptionally simple motions. They say that Attorney Koushik expended 11.8 hours preparing and filing the motion to compel, preparing for and attending the hearing on the motion, and preparing and filing this motion for attorneys' fees. (ECF No. 39, at 8.) They also say that Attorney Kidwai expended 4.1 hours preparing and submitting declarations and exhibits, and that Attorney Koo and Attorney Bhandary-Alexander expended 2.8 and 1.0 hours, respectively, reviewing the motions and preparing for the hearing. (*Id.*) But the motion to compel involved a simple instance of non-compliance with a court order, and it was essentially unopposed. The attorney fee motion likewise raised no complex issues. In other words, the motions were too simple to support all the hours claimed for them. *See Shea*, 2022 WL 3359155, at *3 (reducing the requested fee award in part because "[l]itigating an essentially unopposed motion to compel out l]of a simple failure to respond to interrogatories and requests for production is one of the simpler tasks that can confront an attorney").

In *Howell v. Yale Univ.*, this Court reduced counsel's hours for a similarly "straightforward motion with no complex legal issues involved" by fifty percent. No. 3:22-cv-01160 (JCH), 2023 WL 4564409, at *5 (D. Conn. July 17, 2023); *see also Shea*, 2022 WL 3359155, at *4. As in *Howell*, "[t]his is not a case where the parties had a substantive fight over some contested discovery principle; it is a simple case of non-responsiveness by an opposing party." 2023 WL 4564409, at *5. Accordingly, the Court will reduce by fifty percent the hours claimed for the period of February 4, 2025, to February 10, 2025, where counsel drafted and reviewed the straightforward motion to compel and prepared for the hearing on the motion. (ECF No. 39-1, at 2.)

7

The Court will also reduce by fifty percent the hours claimed for the period of March 17, 2025, to March 21, 2025, in which counsel drafted and reviewed this motion for attorneys' fees. (*Id.* at 2–3.) "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are . . . redundant, or otherwise unnecessary[.]" *Cornelio v. Connecticut*, No. 3:19-cv-01240 (JAM), 2023 WL 10802701, at *10 (D. Conn. Nov. 28, 2023) (quoting *Hensley*, 461 U.S. at 434) (quotation marks omitted). In this case, the plaintiffs presumably completed research regarding attorneys' fees before preparing and filing its request for sanctions as part of its motion to compel and the hearing on the same, and it should not have had to be redone. (*See* ECF No. 31, at 5–6.) Moreover, this motion for attorneys' fees does not present complex legal issues. *See Yuajian Lin*, 2020 WL 1819941, at *2. For those reasons, the Court will reduce the hours claimed for preparing this motion.

Additionally, the Court finds that both motions were overstaffed. To account for overstaffing, courts have disallowed the unnecessary attorney's hours. *See, e.g.*, *New York v. Grand River Enters. Six Nations, Ltd.*, No. 1:14-cv-00910 (RJA) (LGF), 2021 WL 4958653, at *5 (W.D.N.Y. Oct. 26, 2021) (disallowing the hours of an attorney on the ground that the discovery motions were overstaffed). Although "the question whether overstaffing has occurred is not answered merely by tallying employees[,] the number of staff must be considered 'in the context of the particular issues being litigated at the time,' including their complexity and difficulty." *Inter-Am. Dev. Bank v. Venti S.A.*, No. 1:15-cv-04063 (PAE), 2016 WL 642381, at *9 (S.D.N.Y. Feb. 17, 2016) (quoting *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 252 (S.D.N.Y. 2010)). As discussed, these straightforward motions presented neither complexity nor difficulty. Thus, it was not necessary for the plaintiffs to have two partner-level and two associate-level attorneys work on them. The motions could have been prepared by one associate-level attorney

8

and reviewed as necessary by one partner-level attorney. For those reasons, the Court will disallow the recovery of the hours claimed by Attorneys Koo and Kidwai.

The Court will not reduce the amount of time that Attorneys Koushik and Bhandary-Alexander expended attending the hearing on the motion to compel on February 11, 2025, nor the time that Attorney Koushik expended conferring with the defendants' counsel on March 25, 2025. (ECF No. 39-1, at 2–3.)

### 3. Presumptively reasonable award

For the foregoing reasons, the Court calculates the "lodestar" at $1,643.75. This presumptively reasonable award was reached by adding together the fees for Attorney Koushik ($1,383.75, the product of 6.15 post-reduction hours and her hourly rate of $225), and the fees for Attorney Bhandary-Alexander ($260, the product of 0.65 post-reduction hours and his hourly rate of $400).

### 4. Adjustments

The fourth and final step of the analysis allows the Court to make any adjustments that might be appropriate to the "presumptively reasonable" fee. Here, however, neither party has suggested any reason to depart from the lodestar (ECF Nos. 39, 41), and the Court observes no reason to do so.

## III. CONCLUSION

For the foregoing reasons, the plaintiffs' renewed motion for attorneys' fees is granted in part and denied in part. It is granted to the extent that the defendants are ordered to pay to the plaintiffs the sum of $1,643.75 on or before June 13, 2025. It is denied to the extent that it sought to recover any fees beyond $1,643.75.

This is not a recommended ruling. It is a ruling and order by a Magistrate Judge on a "nondispositive motion[ ] . . . relating to discovery," D. Conn. L. Civ. R. 72(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b). It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

So ordered this 13th day of May, 2025, at Hartford, Connecticut.

                                                      */s/ Thomas O. Farrish*
                                                      Hon. Thomas O. Farrish
                                                      United States Magistrate Judge